IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**UNITED STATES OF AMERICA**

       Plaintiff,                                     **No. 6:19-cr-00472-MC**

       v.

                                                     OPINION AND ORDER

**SUSAN TRANBERG,**

       Defendant.

_____

**MCSHANE, Judge**:

       Defendant Susan Tranberg moves to reduce her sentence under 18 U.S. § 3582(c)(1)(A). Def.'s Mot. Sent. Reduction 1, ECF No. 46. Because the Defendant does not demonstrate extraordinary and compelling reasons justifying compassionate release, the Court DENIES the motion to reduce her sentence.

## **LEGAL STANDARD**

       Generally, a "court may not modify a term of imprisonment once it has been imposed.18 U.S.C.A. § 3582(c). "Congress provided an exception, sometimes known as compassionate release, to reduce a sentence for "extraordinary and compelling reasons."'" *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021) (per curiam); 18 U.S.C. § 3582(c)(1)(A). The First Step Act of 2018 amended § 3582(c)(1)(A) to allow a defendant to file a motion with the district court for compassionate release. The Court is authorized to reduce a defendant's sentence after considering the applicable section 3553(a) factors if:

       (i) extraordinary and compelling reasons warrant such a reduction; or

1 – OPINION AND ORDER

> (ii) the defendant is at least 70 years of age, has served 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the BOP that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

"Congress provided no statutory definition for 'extraordinary and compelling reasons.'" *Aruda*, 993 F.3d at 800. Instead, Congress delegated the defining duties to the United States Sentencing Commission through their issued policy statements. *Id.* Currently, "the Sentencing Commission has not yet issued a policy statement 'applicable' to § 3582(c)(1)(A) motions filed by a defendant." *Id.* at 802. Currently, U.S.S.G. § 1B1.13 applies only to motions filed by the Bureau of Prison's director. *Id.* However, the Sentencing Commission policy statements "may inform a district court's discretion" regarding defendant-filed compassionate release motions. *Id.* (citing *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020)). The Court must also consider whether the defendant is still a danger to the community by consulting the factors listed at 18 U.S.C. § 3142(g). U.S.S.G. § 1B1.13(2).

## DISCUSSION

On October 19, 2022, Defendant filed a motion for compassionate release based on her health issues and the conditions of her confinement. Defendant requests her sentence be reduced to 20 months. Mot. for Sent. Reduction 4, ECF No. 46. This Court sentenced Defendant to a 57-month sentence for one count of Mail Fraud, one count of Aggravated Identity Theft, and one count of Tax Evasion.[1] J. in a Criminal Case 2, ECF No. 38. Defendant is 63 years old and has been in custody since July 14, 2021. Her projected release date is January 31, 2025. The primary

---

[1] Defendant argued a sentence of 24 months satisfied the 3553(a) factors. Def.'s Sent. Mem. 2, ECF No. 36.

2 – OPINION AND ORDER

criterion for granting compassionate release is the existence of an extraordinary and compelling reason. In this case, Defendant failed to meet this burden.

Defendant argues her diabetes and high blood pressure place her at an increased risk for illnesses or COVID-19. Mot. for Sent. Reduction 4-5. Defendant also claims the lack of care by the Bureau of Prisons (BOP) is negatively impacting her kidneys and liver functions. *Id.* BOP is aware of Defendant's conditions, and they administer the insulin she needs. Gov.'s Resp. to Def's Mot. 2, Ex. 1, ECF No 49. Furthermore, this Court considered Defendant's pre-existing conditions, which impact her kidneys and liver functions, prior to sentencing. Def.'s Sent. Mem. 3, Ex. E-G. Notably, "[t]he Ninth Circuit [] has made clear that pre-existing medical conditions that add an increased risk of complications from COVID-19 do not necessarily present 'extraordinary and compelling' circumstances warranting compassionate release, even when a defendant is housed in a facility where inmates have tested positive for COVID-19." *United States v. Rennie*, No. 3:19-cr-00402-SI, 2021 WL 5053286, at *2 (D. Or. Nov. 1, 2021) (citations omitted).

More significantly, Defendant was vaccinated on October 22, 2022. Supp. Resp. 2, Ex. 2; ECF No. 56-1. According to the CDC, vaccination "provides strong protection against severe disease, hospitalization, and death in all age groups." *See generally COVID, -19 Vaccine Effectiveness Monthly Update*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://covid.cdc.gov/covid-data-tracker/#vaccine-effectiveness (last visited Jan. 31, 2023). Most staff and inmates at FCI - Dublin Satellite Prison Camp ("FCI"), where Defendant is housed, are vaccinated. *See generally COVID-19 Vaccine Implementation*, Federal Bureau of Prison, https://www.bop.gov/coronavirus/ (last visited Feb. 2, 2023). As of February 2, 2023, there are only two cases of COVID-19 reported out of FCI's population of about 75 inmates. *Id.*; https://www.bop.gov/locations/institutions/dub/ (last visited Feb. 2, 2023). This Court finds that

3 – OPINION AND ORDER

these circumstances do not present an extraordinary and compelling reason to reduce Defendant's sentence.

Finally, Defendant argues the poor conditions at FCI justify a reduction in sentence. Mot. for Sent. Reduction 4-5. Defendant fails to illustrate how FCI's conditions create an extraordinary and compelling reason for Defendant's specific release rather than the release of all prisoners at FCI. Additionally, a motion for a reduction in sentence is not the appropriate process to deal with grievances about the poor conditions at FCI. *United States v. Navarrette-Aguilar*, No. 3:12-cr-00373-HZ-1, 2022 U.S. Dist. Lexis 12853, *2-3 (noting habeas petition or 1983 action are proper vehicles for claims challenging the conditions of confinement) (citations omitted).

As Defendant does not demonstrate extraordinary and compelling reasons justifying compassionate release, the Court does not determine whether Defendant poses a danger to the community.

## CONCLUSION

Defendant's Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) is DENIED.

IT IS SO ORDERED 3rd day of April, 2023.

                                            **/s/ Michael McShane**
                                            Michael J. McShane
                                            United States District Judge